EXHIBIT A

# EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Jonathan M. Lebe (SBN 284605)
Jon@lebelaw.com
Zachary T. Gershman (SBN 328004)
Zachary@lebelaw.com
Ryan C. Ely (SBN 349318)
Ryan@lebelaw.com
**LEBE LAW, APLC**
777 S. Alameda Street, Second Floor
Los Angeles, California 90021
Telephone: (213) 444-1973

Attorneys for Plaintiff Marites Perez,
Individually and on behalf of all others similarly situated

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
07/19/2023 at 12:02:19 PM
By: Darmekia Oliver,
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

Marites Perez, Individually and on behalf of all others similarly situated,

Plaintiff,

vs.

It Works Marketing, Inc.; Does 1 through 20, Inclusive,

Defendants.

Case No.  23CV038881

**CLASS ACTION COMPLAINT FOR:**

1. Failure to Pay Minimum Wages;
2. Failure to Pay Overtime Wages;
3. Failure to Timely Pay All Wages;
4. Failure to Provide Meal Periods;
5. Failure to Provide Rest Breaks;
6. Unlawful Deduction of Wages;
7. Failure to Reimburse Business Expenses;
8. Failure to Provide Accurate and Itemized Wage Statements;
9. Failure to Timely Pay All Wages Due Upon Separation of Employment;
10. Violation of California Business and Professions Code §§ 17200, *et seq.*

**DEMAND FOR JURY TRIAL**

Plaintiff Marites Perez, individually and on behalf of all others similarly situated, alleges as follows:

**NATURE OF ACTION AND INTRODUCTORY STATEMENT**

1.    Plaintiff Marites Perez ("Plaintiff") brings this putative class action against Defendants It Works Marketing, Inc. and Does 1 through 20, inclusive (collectively, "Defendants"), on behalf of herself individually and all other aggrieved employees employed by Defendants throughout California.

2.    Defendant It Works Marketing, Inc. is a corporation doing business in the state of California.

3.    Through this action, Plaintiff alleges that Defendants have engaged in a systematic pattern of wage and hour violations under the California Labor Code ("Labor Code") and Industrial Welfare Commission ("IWC") Wage Orders, all of which contribute to Defendants' deliberate unfair competition.

4.    Plaintiff is informed and believes, and thereon alleges, during the relevant time period, Defendants had a consistent policy of violating state wage and hour laws by, among other things:

(a)    misclassification of employees as independent contractors;

(b)    failing to pay minimum wages for all hours worked;

(c)    failing to pay overtime wages for all hours worked;

(d)    failing to timely pay all earned wages;

(e)    failing to provide lawful meal periods or compensation in lieu thereof;

(f)    failing to authorize or permit lawful rest breaks or provide compensation in lieu thereof;

(g)    unlawfully deducting wages;

(h)    failing to reimburse all business expenses;

(i)    failing to provide accurate itemized wage statements; and

(j)    failing to pay all wages due upon separation of employment.

5.    Plaintiff brings this lawsuit seeking monetary relief against Defendants on behalf

-1-

of herself and all others similarly situated in California to recover, among other things, unpaid wages and benefits, interest, attorneys' fees, costs and expenses and penalties pursuant to Labor Code §§ 201-204, 210, 221, 226, 226.7, 226.8, 510, 512, 1194, 1194.2, 1197, 1198, 2800, 2802, and 3700.

## JURISDICTION AND VENUE

6.      This is a class action pursuant to California Code of Civil Procedure § 382.  The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial.

7.      This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court original jurisdiction in all causes except those given by statutes to other courts.  The statutes under which this action is brought do not specify any other basis for jurisdiction.

8.      This Court has jurisdiction over all Defendants because, upon information and belief, they are citizens of the state of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

9.      Venue is proper in this Court because, upon information and belief, Defendants reside, transact business, or have offices in this county and the acts and omissions alleged herein took place in this county.

## THE PARTIES

10.      Plaintiff is a citizen of California.  Plaintiff worked for Defendants in California during the relevant time periods as alleged herein.

11.      Plaintiff is informed and believes, and thereon alleges, that Defendants are corporations doing business throughout the State of California, and at all times hereinafter mentioned, an employer as defined in and subject to the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders, whose employees are and were engaged throughout this county and the State of California.

12.     Plaintiff is unaware of the true names or capacities of the defendants sued herein under the fictitious names Does 1 through 20, but will seek leave of this Court to amend this Complaint and serve such fictitiously named defendants once their names and capacities become known.

13.     Plaintiff is informed and believes, and thereon alleges, that each defendant acted in all respects pertinent to this action as the agent of the other defendant, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendant.  Furthermore, defendants in all respects acted as the employer and/or joint employer of Plaintiff and the class members.

14.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, Defendants and/or Does 1 through 20, acting as the agent or alter ego for the other, with legal authority to act on the other's behalf.  The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

15.     At all relevant times, Defendants, and each of them, acted within the scope of such agency or employment, or ratified each and every act or omission complained of herein.  At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

16.     Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently or otherwise responsible for the acts, omissions, occurrences and transactions alleged herein.

## **CLASS ACTION ALLEGATIONS**

17.     Plaintiff brings this action under Code of Civil Procedure § 382 on behalf of herself and all others similarly situated who were affected by Defendants' Labor Code, Business and Professions Code §§ 17200, and IWC Wage Order violations.

18.     All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

19.     Plaintiff's proposed classes consist of and are defined as follows:

-3-

Class

All individuals who performed work for Defendant in the state of California who were classified as independent contractors from March 27, 2017 to the date of trial.[1]

20.    Plaintiff also seeks to certify the following Subclass:

Waiting Time Subclass

All members of the Class who separated their employment from Defendant from March 27, 2018 to the date of trial.

21.    Members of the Class and Subclass described above will be collectively referred to as "Class Members."  Plaintiff reserves the right to establish other or additional subclasses, or modify any Class or Subclass definition, as appropriate based on investigation, discovery and specific theories of liability.

22.    This action has been brought and may properly be maintained as a class action under the California Code of Civil Procedure § 382 because there are common questions of law and fact as to the Class that predominate over questions affecting only individual members, including, but not limited to:

(a) Whether Defendants misclassified Plaintiff and Class Members as independent contractors rather than as non-exempt employees;

(b) Whether Defendants failed to pay at least minimum wage for all hours worked by Plaintiff and Class Members;

(c) Whether Defendants failed to pay overtime wages earned by Plaintiff and Class Members;

(d) Whether Defendants failed to timely pay Plaintiff and Class Members all wages earned;

(e) Whether Defendants failed to provide Plaintiff and Class Members with meal periods;

---

[1] The statute of limitations for this matter was tolled pursuant to Cal. Rules of Court, App. I, Emergency Rule No. 9.

(f) Whether Defendants failed to provide Plaintiff and Class Members with paid rest breaks or required Plaintiff and Class Members to work through rest breaks without compensation;

(g) Whether Defendants illegally deducted wages from Plaintiff and Class Members;

(h) Whether Defendants required Plaintiff and Class Members to use their personal cellular devices and home internet for work-related purposes without paying a reasonable percentage of their cell phone or internet bills;

(i) Whether Defendants required Plaintiff and Class Members to pay a monthly fee to use Defendants' web services for work-related purposes without reimbursing these expenses;

(j) Whether Defendants failed to furnish Plaintiff and Class Members with accurate, itemized wage statements;

(k) Whether Defendants failed to timely pay Plaintiff and former Class Members all wages due upon termination or within 72 hours of resignation; and

(l) Whether Defendants engaged in unfair business practices in violation of Business and Professions Code §§ 17200, *et seq.*

23.    There is a well-defined community of interest in this litigation and the Class is readily ascertainable:

(a) Numerosity: The members of the Class are so numerous that joinder of all members is impractical. Although the members of the Class are unknown to Plaintiff at this time, on information and belief, the Class is estimated to be greater than 100 individuals. The identity of the class members are readily ascertainable by inspection of Defendants' employment and payroll records.

(b) Typicality: The claims (or defenses, if any) of Plaintiff are typical of the claims (or defenses, if any) of the Class because Defendants' failure to comply with the provisions of California wage and hour laws entitled each class member to similar pay, benefits and other relief. The injuries

-5-

sustained by Plaintiff are also typical of the injuries sustained by the Class because they arise out of and are caused by Defendants' common course of conduct as alleged herein.

(c) <u>Adequacy</u>:    Plaintiff is qualified to, and will fairly and adequately represent and protect the interests of all members of the Class because it is in his best interest to prosecute the claims alleged herein to obtain full compensation and penalties due to him and the Class.    Plaintiff's attorneys, as proposed class counsel, are competent and experienced in litigating large employment class actions and are versed in the rules governing class action discovery, certification and settlement.    Plaintiff has incurred and, throughout the duration of this action, will continue to incur attorneys' fees and costs that have been and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d) <u>Superiority</u>: The nature of this action makes the use of class action adjudication superior to other methods.    A class action will achieve economies of time, effort and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for each Class.    If appropriate this Court can, and is empowered to, fashion methods to efficiently manage this case as a class action.

(e) <u>Public Policy Considerations</u>:    Employers in the State of California and other states violate employment and labor laws every day.    Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.    Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means.    Class actions provide the class members who are not named in the complaint with a type

-6-

of anonymity that allows for the vindication of their rights at the same time as affording them privacy protections.

## GENERAL ALLEGATIONS

**A.    Plaintiff Satisfies the Legal Test for Employee Status**

24.    Defendants are multi-level marketing company in the business of recruiting distributors ("It Works Distributors"), which are the core of It Works' workforce and business.

25.    It Works Distributors, among other tasks, engage in recruiting other individuals to join Defendants as distributors, thereby advancing the core business model described above.

26.    Indeed, It Works Distributors' compensation plan is based primarily on this recruitment of other distributors to work under themselves, which Defendants refer to as a "leg."

**Leg:**
Each Independent Distributor on your first level represents a separate "Leg" in your team. Legs in your organization grow as your first-level Distributors begin to build their own teams (downlines).

**Qualified Leg:**
A Qualified Leg is one with an Active Distributor and at least 400 total Group Volume coming from anywhere in the depth of the Leg. The top Distributor of a Leg does not have to be Commission Qualified for the Leg to be considered a Qualified Leg.

27.    By having these legs who work beneath them, It Works Distributors are able to make money through the purchases that each leg makes from Defendants and receive income based on the legs that these It Works Distributors build underneath them.  The way that It Works Distributors can advance in their employment is to increase their "rank," starting at "Level 1" and increasing to "Level 6-Infinity," which is determined by how many legs (i.e., distributors) they have recruited underneath them:

///

///







28.     This company structure is what enables the usual course of business of Defendants: the recruitment of new It Works Distributors.

29.     As part of their illegal scheme of misclassifying their employees as independent contractors, Defendants require its distributors to bear the costs of business expenses for the company and are illegally making a profit by forcing their employees to pay for such business expenses plus a markup.  Indeed, Defendants will charge their It Works Distributors for the ability to begin employment with them and start selling for them, in the form of a "starter kit." Defendants also charge It Works Distributors to make use of Defendant It Works' web services, as well as require It Works Distributors to maintain a certain amount of purchase volume each month in order to maintain their Distributor status (which leads distributors to often be their own biggest customers).  Defendants also require an annual fee from It Works Distributors for the privilege of being one of their employees.  Each of these charges is, effectively, an illegal wage deduction and/or an illegal business expense being transferred from Defendants to their employees.

30.     Defendants are not merely a platform or uninterested bystander that enable It Works Distributors to engage in their own truly independent business.  Rather, Defendants set the compensation policies of It Works Distributors (based primarily off their ability to recruit other It Works Distributors below them in legs), provide training for their It Works Distributors, and always retain the right to terminate It Works Distributors if they violate any of the company's numerous policies.

31.     As a result, It Works Distributors lack business autonomy.  It Works Distributors are each not engaged in an independently-established business.  Instead, the It Works Distributors are dependent on Defendants to provide them with products, marketing tools, and a website for a fee.   Indeed, It Works Distributors may not have their own company website as any such website is required to be on Defendants' platform.  The strict control that Defendants assert over its distributors is codified in the Statement of Policies and Procedures that It Works Distributors are required to follow: "Distributors must submit all proposed personal development system, coaching system, sales aid, lead generation systems, promotional materials,

advertisements, and other literature to the Company for approval to compliance@itworks.com. Unless the Distributor receives specific written approval to use such tools, the request shall be deemed denied. Independently produced websites are not permitted unless approved by the Company."

32.     By working for Defendants, It Works Distributors have not gone into business for themselves.   Instead, Defendants have unilaterally determined that Plaintiff and It Works Distributors are independent contractors while precluding them from taking the usual steps towards promoting and establishing an independent business.  It Works Distributors are not customarily engaged in an independently established trade, occupation, or business of the same nature as the work performed.

33.     Defendants control the terms of employment.   Defendants maintain uniform policies and terms of service with which all It Works Distributors, including Plaintiff, must comply.  Such guidelines include training materials on how to perform work as an It Works Distributor, strict adherence to the Compensation Plan described above, and even the purported requirement that It Works Distributors agree to not solicit other It Works Distributors to work for a competing company within twenty-four months after such an It Works Distributor leaves Defendants company or is terminated.

34.     In sum, Defendants control the terms of employment of their distributors.

**B.     Defendant's Misclassification of Plaintiff and Class Members Violates Their Rights Under California Law**

35.     At all relevant times mentioned herein, Plaintiff and Class Members performed services for Defendants as It Works Distributors during the relevant time period and were classified as independent contractors.

36.     Defendants employed Plaintiff during the relevant time period.

37.     Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendants were advised by skilled lawyers, employees, and other professionals who were knowledgeable about California's wage and hour laws, employment and personnel practices, and the requirements of California law.

-10-

38.     Through this action, Plaintiff alleges that Defendants have engaged in a systematic pattern of wage and hour violations under the California Labor Code and IWC Wage Orders.

39.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to timely receive wages for all time worked (including minimum wages, regular, and overtime wages) and that they were not receiving all wages earned for work that was required to be performed.  For example, Defendants failed to pay all commissions earned by Plaintiff and Class Members twice during each calendar month and failed to pay Plaintiff and Class Members for the time spent attending training meetings.  In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members were not paid all wages (including minimum wages and overtime wages) for all hours worked.

40.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive all required meal periods or payment of one (1) additional hour of pay at the aggrieved employees' regular rate of pay when they did not receive a timely, uninterrupted meal period.  In violation of the Labor Code and IWC Wage Orders, aggrieved employees did not receive all meal periods or payment of one (1) additional hour of pay at the aggrieved employees' regular rate of pay when they did not receive a timely, uninterrupted meal period.

41.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive all rest breaks or payment of one (1) additional hour of pay at the aggrieved employees' regular rate of pay when a rest break was missed.  In violation of the Labor Code and IWC Wage Orders, Class Members did not receive all rest breaks or payment of one (1) additional hour of pay at the aggrieved employees' regular rate of pay when a rest break was missed, interrupted, or on-duty.

42.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive itemized wage statements that accurately showed the following information pursuant to the Labor Code: (1) gross wages earned; (2) total hours worked by the employee; (3) the number of piece-rate units

-11-

earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates of the period for which the employee is paid; (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number; (8) the name and address of the legal entity that is the employer; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deficiencies include, among other things, the failure to correctly state the gross and net wages earned by Plaintiff and Class Members, and all hours worked.  In violation of the Labor Code, Plaintiff and Class Members were not provided with accurate itemized wage statements.

43.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that they were prohibited from withholding amounts from the wages of Plaintiff and Class Members, aside for certain statutory exceptions.  However, Defendants only paid Plaintiff and Class Members' wages if they were able to sell a certain amount of product during a sales period, which encouraged Plaintiff and other aggrieved employees to purchase products themselves so they could receive payment, resulting in a deduction of wages.  Moreover, Defendants charged Plaintiff and Class Members other deductions and penalties, including in the event of a chargeback.

44.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to reimbursement for necessary business expenditures incurred in connection with the performance and execution of their job duties.  In violation of the California Labor Code, Plaintiff and Class Members did not receive adequate reimbursement for necessary business expenses, including but not limited to reimbursement for use of their home internet, cell-phone expenses, and computer expenses.  Further, Defendants required Plaintiff and Class Members to pay a monthly fee to make use of its web services, for which they were not reimbursed.  Finally, Defendants required that Plaintiff and Class Members purchase an amount of product each month in order to maintain their

distributor status, regardless of whether such product was sold or not. Plaintiff and Class Members were not reimbursed for the entire cost of this unsold product, if at all.

45.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members who separated from Defendants were entitled to timely payment of wages upon separation of employment. In violation of the California Labor Code, Plaintiff and the Waiting Time Subclass Members did not receive payment of all wages including, but not limited to, unpaid minimum and overtime wages, meal periods premiums, and rest break premiums within permissible time periods.

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGES**

**(Violation of Labor Code §§ 1194, 1194.2, 1197, and IWC Wage Order)**

46.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

47.    Labor Code §§ 1194 and 1197 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

48.    During the relevant time period, Defendant paid Plaintiff and Class Members less than minimum wage when, for example, Defendants failed to pay all commissions earned by Plaintiff and Class Members twice during each calendar month and failed to pay Plaintiff and Class Members for the time spent attending trainings and meetings.

49.    During the relevant time period, Defendants regularly failed to pay at least minimum wage to Plaintiffs and Class Members for all hours worked pursuant to Labor Code §§ 1194 and 1197.

50.    Defendants' failure to pay Plaintiff and Class Members the minimum wage as required violates Labor Code §§ 1194 and 1197. Pursuant to these sections, Plaintiff and Class Members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorneys' fees.

51.     Pursuant to Labor Code § 1194.2, Plaintiff and Class Members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY OVERTIME WAGES

**(Violation of Labor Code §§ 510, 1194, and 1198; Violation of IWC Wage Order)**

52.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

53.     Labor Code § 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either one and one-half (1½)  or two (2) times the person's regular rate of pay, depending on the number of hours or days worked by the person on a daily or weekly basis.

54.     Specifically, the applicable IWC Wage Orders provide that Defendants are and were required to pay overtime compensation to Plaintiff and Class Members at the rate of one and one-half times (1½) their regular rate of pay when working and for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek and for the first eight (8) hours of work on the seventh day of work in a workweek.

55.     The applicable IWC Wage Orders further provide that Defendants are and were required to pay overtime compensation to Plaintiff and Class Members at a rate of two times their regular rate of pay when working and for all hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours on the seventh day of work in a workweek.

56.     California Labor Code § 510 codifies the right to overtime compensation at one and one-half (1½) times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week and for the first eight (8) hours worked on the seventh consecutive day of work, and overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a workweek.

57.     Labor Code § 510 and the applicable IWC Wage Orders provide that employment of more than six days in a workweek is only permissible if the employer pays proper overtime compensation as set forth herein.

58.     Plaintiff and Class Members were wrongfully misclassified as independent contractors by Defendants and, instead, should have been classified as non-exempt employees entitled to the protections of California Labor Code §§ 510 and 1194.

59.     During the relevant time period, Defendants failed to pay Plaintiff and Class Members overtime wages for all overtime hours worked when Plaintiff and Class Members worked in excess of eight (8) hours in a day, forty (40) hours in a week, and/or for a seventh consecutive day of work in a workweek, or when Plaintiff and Class Members worked in excess of twelve (12) hours in a day and/or in excess of eight (8) hours on the seventh day of work in a work week.

60.     In violation of state law, Defendants knowingly and willfully refused to perform their obligations to compensate Plaintiff and Class Members for all wages earned and all hours worked.

61.     Defendants' failure to pay Plaintiff and Class Members the unpaid balance of overtime and double time compensation, as required by California law, violates the provisions of Labor Code §§ 510 and 1198, and is therefore unlawful.

62.     Pursuant to Labor Code § 1194, Plaintiff and Class Members are entitled to recover their unpaid overtime and double time compensation as well as interest, costs, and attorneys' fees.

## THIRD CAUSE OF ACTION

## FAILURE TO TIMELY PAY ALL EARNED WAGES

### (Violation of Labor Code §§ 204 and 210; Violation of IWC Wage Order)

63.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

64.     Labor Code § 204 provides that all wages earned by an employee are due and payable twice during each calendar month.

-15-

65.     Defendants failed to timely pay Plaintiff and Class Members all of their earned wages as required by Labor Code § 204.

66.     Plaintiff and Class Members have been deprived of their rightfully earned wages as a direct and proximate result of Defendants' failure to pay said compensation.  Plaintiff and Class Members are entitled to recover such amounts, plus interest thereon, attorneys' fees and costs.

67.     In addition, Plaintiff and class members are entitled to penalties pursuant to Labor Code § 210 as follows: (1) for Defendants' initial violation, $100 for each failure to pay each Class Member; and (2) for each of Defendants' subsequent violations, or any willful or intentional violation, $200 for each failure to pay each Class Member, plus 25 percent of the amount unlawfully held.

## FOURTH CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS

### (Violation of Labor Code §§ 226.7, 512, and IWC Wage Order)

68.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

69.     Labor Code § 226.7 provides that no employer shall require an employee to work during any meal period mandated by the IWC Wage Orders.

70.     Section 11 of the applicable IWC Wage Order states "no employer shall employ any person for a work period of no more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work, the meal period may be waived by mutual consent of the employer and the employee."

71.     Labor Code § 512(a) provides that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

72.     Labor Code § 512(a) further provides that an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

73.     During the relevant time period and as a result of Defendant's willful misclassification of Plaintiff and other Class Members as independent contractors, Plaintiff and Class Members did not receive compliant meal periods for each five hours worked per day, including a second meal period when Plaintiff and Class Members worked ten or more hours in a day.

74.     Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order require an employer to pay an employee one additional hour of pay at the employee's regular rate of compensation for each work day that a meal period is not provided.

75.     At all relevant times, Defendant failed to pay Plaintiff and Class Members all meal period premiums due for meal period violations pursuant to Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order.

76.     As a result of Defendant's failure to pay Plaintiff and Class Members an additional hour of pay for each day a meal period was not provided, Plaintiff and Class Members suffered and continue to suffer a loss of wages and compensation.

**FIFTH CAUSE OF ACTION**

**FAILURE TO PERMIT REST BREAKS**

**(Violation of Labor Code §§ 226.7 and IWC Wage Order)**

77.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

78.     Labor Code § 226.7(a) provides that no employer shall require an employee to work during any rest period mandated by the IWC Wage Orders.

79.     Section 12 of the applicable IWC Wage Order states "every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the

-17-

middle of each work period" and the "authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours."

80.    During the relevant time period, Plaintiff and Class Members did not receive a ten (10) minute rest period for every four (4) hours or major fraction thereof worked due to Defendant's willful misclassification of Plaintiff and Class Members as independent contractors.

81.    Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order require an employer to pay an employee one additional hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

82.    At all relevant times, Defendant failed to pay Plaintiff and Class Members all rest period premiums due for rest period violations pursuant to Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order.

83.    As a result of Defendant's failure to pay Plaintiff and Class Members an additional hour of pay for each day a rest period was not provided, Plaintiff and Class Members suffered and continue to suffer a loss of wages and compensation

**SIXTH CAUSE OF ACTION**

**UNLAWFUL DEDUCTION OF WAGES**

**(Violation of Labor Code §§ 221, 223)**

84.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

85.    Labor Code § 221 provides, in pertinent part, "[i]t shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

86.    During the relevant time period, Defendants made unlawful deductions from Plaintiff's and Class Members' wages by only paying Plaintiff's and Class Members' wages if they sold a certain amount of product during a sales period, incentivizing Plaintiff and Class Members to purchase product themselves so they could receive payment, thus resulting in a deduction of

1  wages.  Further, Defendants charged Plaintiff and Class Members other deductions and penalties,

2  including in the event of a chargeback.

3      87.    Defendants' violation of Labor Code §§ 221-223 caused Plaintiff and Class

4  Members to suffer substantial monetary losses, expenses, and attorneys' fees in seeking to compel

5  Defendants to fully perform their obligations under California law.  As a result, Plaintiff and Class

6  Members suffered and continue to suffer a loss of wages and compensation, pursuant to Labor

7  Code § 218.5 and Code of Civil Procedure 1021.5.

8  ### SEVENTH CAUSE OF ACTION

9  ### FAILURE TO REIMBURSE ALL BUSINESS EXPENSES

10  **(Violation of Labor Code §§ 2800, 2802, and the IWC Wage Order)**

11      88.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

12  though fully set forth herein.

13      89.    Labor Code section 2800 provides, in pertinent part, "[a]n employer shall in all

14  cases indemnify his employee for losses caused by the employer's want of ordinary care."

15      90.    Labor Code section 2802 provides, in pertinent part, "[a]n employer shall

16  indemnify his or her employee for all necessary expenditures or losses incurred by the employee

17  in direct consequence of the discharge of his or her duties . . . ."

18      91.    Labor Code section 2802 further provides, in pertinent part: "the term 'necessary

19  expenditures or losses' shall include all reasonable costs, including but not limited to, attorney's

20  fees incurred by the employee enforcing the rights granted by this section."

21      92.    California Labor Code section 2804 mandates that this statutory right cannot be

22  waived.

23      93.    During the relevant time period, Defendants were required to indemnify and

24  reimburse Plaintiff and Class Members for all expenditures or losses caused by the employer's

25  want of ordinary care and/or incurred in direct consequence of the discharge of their duties, but

26  failed to indemnify and reimburse Plaintiff and Class Members.

27      94.    During the relevant time period, Defendant failed to adequately reimburse

28  Plaintiff and Class Members for necessary business expenses, including but not limited to

reimbursement for use of their home internet, cell-phone expenses, and computer expenses. Further, Defendants required Plaintiff and Class Members to pay a monthly fee to make use of its web services, for which they were not reimbursed. Finally, Defendants required that Plaintiff and Class Members purchase an amount of product each month in order to maintain their distributor status, regardless of whether such product was sold or not. Plaintiff and Class Members were not reimbursed for the entire cost of this unsold product, if at all, in violation of the Labor Code.

95.    As a direct and proximate result, Plaintiff and Class Members have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such monies to be reimbursed, lost interest on such monies, expenses, and attorneys' fees in seeking to compel Defendants to fully perform their obligations under California law, all to their damage in amounts according to proof at the time of trial.

96.    Accordingly, Plaintiff and Class Members are entitled to recover, and hereby seek, an amount equal to the incurred necessary expenditures, pre- and post-judgment interest, applicable penalties, attorneys' fees and costs, and any further equitable relief this Court may deem just and proper. *See* Cal. Lab. Code § 2802; *see also* Cal. Civ. Proc. Code § 1021.5.

**EIGHTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

**(Violation of Labor Code § 226; Violation of IWC Wage Order)**

97.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

98.    Labor Code § 226(a) requires Defendants to provide each employee with an accurate wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social

-20-

security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

99.    During the relevant time period, Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a) on wage statements that were provided to Plaintiff and class members.  The deficiencies include, among other things, the failure to correctly state the gross and net wages earned by Plaintiff and Class Members, and all hours worked.

100.    As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff and Class Members have suffered injury and damage to their statutorily protected rights. Specifically, Plaintiff and Class Members have been injured by Defendants' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate itemized wage statements under California Labor Code § 226(a).  Plaintiff has had to file this lawsuit in order to determine the extent of the underpayment of wages, thereby causing Plaintiff to incur expenses and lost time. Plaintiff would not have had to engage in these efforts and incur these costs had Defendants provided the accurate wages earned.  This has also delayed Plaintiff's ability to demand and recover the underpayment of wages from Defendants.

101.    California Labor Code § 226(a) requires an employer to pay the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurred, and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods, plus attorney's fees and costs, to each employee who was injured by the employer's failure to comply with California Labor Code § 226(a).

102.    Defendants' violations of California Labor Code § 226(a) prevented Plaintiff and Class Members from knowing, understanding and disputing the wages paid to them, and resulted in an unjustified economic enrichment to Defendants.  As a result of Defendants' knowing and intentional failure to comply with California Labor Code § 226(a), Plaintiff and Class Members have suffered an injury, and the exact amount of damages and/or penalties is all in an amount to

-21-

1    be shown according to proof at trial.

2        103.    Plaintiff and Class Members are also entitled to injunctive relief under California

3    Labor Code § 226(h), compelling Defendants to comply with California Labor Code § 226, and

4    seek the recovery of attorneys' fees and costs incurred in obtaining this injunctive relief.

5                            **NINTH CAUSE OF ACTION**

6    **FAILURE TO PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT**

7                    **AND WITHIN THE REQUIRED TIME**

8        **(Violation of Labor Code §§ 201, 202 and 203; Violation of IWC Wage Order)**

9        104.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

10   though fully set forth herein.

11       105.    California Labor Code §§ 201 and 202 provide that if an employer discharges an

12   employee, the wages earned and unpaid at the time of discharge are due and payable

13   immediately, and that if an employee voluntarily leaves his employment, his wages shall become

14   due and payable not later than seventy-two (72) hours thereafter, unless the employee has given

15   seventy-two (72) hours previous notice of his intention to quit, in which case the employee is

16   entitled to his wages at the time of quitting.

17       106.    During the relevant time period, Defendants willfully failed to pay Plaintiff and

18   Waiting Time Subclass members all their earned wages upon termination including, but not

19   limited to, unpaid minimum and overtime wages, meal period premiums, and rest break

20   premiums within permissible time periods..

21       107.    Defendants' failure to pay Plaintiff and Waiting Time Subclass Members all their

22   earned wages at the time of discharge or within seventy-two (72) hours of their leaving

23   Defendants' employ is in violation of Labor Code §§ 201 and 202.

24       108.    California Labor Code § 203 provides that if an employer willfully fails to pay

25   wages owed immediately upon discharge or resignation in accordance with Labor Code §§ 201

26   and 202, then the wages of the employee shall continue as a penalty from the due date at the

27   same rate until paid or until an action is commenced; but the wages shall not continue for more

28   than thirty (30) days.

109.    Plaintiff and Waiting Time Subclass members are entitled to recover from Defendants the statutory penalty which is defined as Plaintiff's and Waiting Time Subclass members' regular daily wages for each day they were not paid, at their regular hourly rate of pay, up to a thirty (30) day maximum pursuant to Labor Code § 203.

### TENTH CAUSE OF ACTION

### VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.*

110.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

111.    Defendants' conduct, as alleged herein, has been and continues to be unfair, unlawful, and harmful to Plaintiff and Class Members.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

112.    Defendants' activities, as alleged herein, violate California law and constitute unlawful business acts or practices in violation of California Business and Professions Code §§ 17200, *et seq.*

113.    A violation of Business and Professions Code §§ 17200, *et seq.* may be predicated on the violation of any state or federal law.

114.    Defendants' policies and practices have violated California state law in at least the following respects:

(a)    Failing to timely pay all wages earned by Plaintiff and class members in violation of Labor Code §§ 204, and 210;

(b)    Deducting the wages of Plaintiff and class members in violation of Labor Code § 221;

(c)    Failing to provide Plaintiff and class members with accurate itemized wage statements in violation of Labor Code § 226; and

(e)    Failing to timely pay all earned wages to Plaintiff and Waiting Time Subclass members upon separation of employment in violation of Labor Code §§ 201, 202 and 203.

115.    Defendants intentionally avoided paying Plaintiff and class members' wages and monies, thereby creating for Defendants an artificially lower cost of doing business in order to

1    undercut their competitors and establish and gain a greater foothold in the marketplace.

2        116.    Pursuant to Business and Professions Code §§ 17200, *et seq.* Plaintiff and class members are entitled to restitution of the wages unlawfully withheld and retained by Defendants during a period that commences four years prior to the filing of the Complaint, an award of attorneys' fees pursuant to Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

## PRAYER FOR RELIEF

Plaintiff, on her own behalf and on behalf of all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

1.    For certification of this action as a class action, including certifying the Class and Subclass alleged by Plaintiff;

2.    For appointment of Marites Perez as the class representative;

3.    For appointment of Lebe Law, APLC as class counsel for all purposes;

4.    For compensatory damages in an amount according to proof with interest thereon;

5.    For economic and/or special damages in an amount according to proof with interest thereon;

6.    For recovery of unpaid wages pursuant to Labor Code §§ 221–223.

7.    For waiting time penalties of 30-days pay pursuant to Labor Code section 203 related to Defendants' failure to timely pay all wages due to Plaintiff and all other terminated or separated Class Members, distributed in a fair and equitable manner in an amount according to proof;

8.    For reimbursement of unpaid business expenses, in accordance with Labor Code section 2802;

9.    For reasonable attorneys' fees, costs of suit and interest to the extent permitted by law, including pursuant to Code of Civil Procedure § 1021.5, Labor Code §§ 226(e) and 1194;

10.    For statutory penalties to the extent permitted by law, including those pursuant to the Labor Code and IWC Wage Orders;

11.    For restitution as provided by Business and Professions Code §§ 17200, *et seq.*;

-24-

12.    For an order requiring Defendants to restore and disgorge all funds to each employee acquired by means of any act or practice declared by this Court to be unlawful, unfair or fraudulent and, therefore, constituting unfair competition under Business and Professions Code §§ 17200, *et seq.*;

13.    For an award of damages in the amount of unpaid compensation including, but not limited to, unpaid wages, benefits and penalties, including interest thereon;

14.    For pre-judgment interest; and

15.    For such other relief as the Court deems just and proper.

Dated: July 19, 2023                                **LEBE LAW, APLC**

By: _____
                    Jonathan M. Lebe
                    Zachary T. Gershman
                    Ryan C. Ely
            Attorneys for Plaintiff Marites Perez,
            Individually and on behalf of all others similarly
                            situated

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

Dated: July 19, 2023                                **LEBE LAW, APLC**

By: _____
                    Jonathan M. Lebe
                    Zachary T. Gershman
                    Ryan C. Ely
            Attorneys for Plaintiff Marites Perez,
            Individually and on behalf of all others similarly
                            situated

-25-